**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MICROSOFT CORPORATION, a
Washington State Corporation,

        Plaintiff,

    v.

John Doe 1,
John Doe 2, a/k/a SamCodeSign,
      a/k/a "Fox Tempest,"

and

John Does 3–4,
      a/k/a "Vanilla Tempest,"

        Defendants.

Civil Action No.

**FILED UNDER SEAL**

**PLAINTIFF'S EMERGENCY *EX PARTE* APPLICATION FOR**
**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**
**<u>RE PRELIMINARY INJUNCTION</u>**

Pursuant to Federal Rule of Civil Procedure 65(b), Plaintiff Microsoft Corporation

("Microsoft") by counsel, respectfully moves the Court for an emergency *ex parte* temporary

restraining order and an order to show cause why a preliminary injunction should not issue against

John Does 1–4 (the "Defendants").

As discussed in Microsoft's Memorandum in Support of this Application, Defendants are

engaged in an ongoing, illegal criminal enterprise in which Defendants fraudulently obtain code

signing certificates from Microsoft, then use those certificates to digitally sign malicious software

for the express purpose of circumventing security measures designed to protect computer users

from harmful code. This malware-signing operation enables Defendants and their co-conspirators

to distribute ransomware and other malicious programs that appear to be legitimate, causing

widespread harm to Microsoft and Microsoft's customers and undermining the integrity of Microsoft's code signing system.

Microsoft asserts the Defendants are liable under and have violated (1) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)–(d); (2) the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030(b) & 1030(a)(6); (3) the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), & 1125(c); and New York state common law (4) breach of contract; (5) trespass to chattels; and (6) unjust enrichment.

The requested relief is necessary to halt Defendant's unlawful activity by directing providers of the technological infrastructure used by Defendants to take specific actions to disrupt the scheme and prevent Defendants from continuing their criminal enterprise. As discussed in Microsoft's Memorandum in support of this Application, *ex parte* relief is essential because prior notice to Defendants would provide them with an opportunity to destroy, move, or otherwise make inaccessible the infrastructure the Defendants use to conduct the unlawful activity and will significantly impede, if not preclude, Microsoft's ability to obtain effective relief against Defendants.

Microsoft's Application is based on this Application; Plaintiff's Memorandum in Support of this Application; the supporting Declarations of Maurice Mason and Adam Hickey and exhibits thereto; the Complaint filed in this action and exhibits and appendices thereto; and on such argument and evidence as may be presented at the hearing on this Application.

Microsoft further respectfully request oral argument on this motion be set for the day this Application is filed or as soon thereafter as the Court deems possible.

Dated: May __4__, 2026

Respectfully submitted,

MAYER BROWN LLP


Adam S. Hickey
David J. Lizmi
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 506-2500
Fax: (212) 262-1910
Email: *ahickey@mayerbrown.com*
        *dlizmi@mayerbrown.com*

Sasha L. Keck
Christina Luk (*pro hac vice forthcoming*)
Aaron J. Futerman (*pro hac vice forthcoming*)
Tanner L. Wilburn (*pro hac vice forthcoming*)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Tel: (202) 263-3000
Fax: (202) 263-3300
Email: *skeck@mayerbrown.com*
        *cluk@mayerbrown.com*
        *afuterman@mayerbrown.com*
        *twilburn@mayerbrown.com*

*Attorneys for Plaintiff Microsoft Corporation*